29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin Wallace WHEELER, Defendant-Appellant.
 No. 93-10522.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided July 22, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edwin "Bud" Wheeler appeals his jury conviction for securities fraud for making certain misstatements and omissions in a registration statement and its amendments filed with the Securities and Exchange Commission (SEC). 15 U.S.C. Secs. 77q(a) and 77x and 18 U.S.C. Sec. 2. This court has jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * This appeal turns on whether the court's admission of Wheeler's stipulation with the SEC for entry of a civil consent judgment, and the final judgment, was plain error. Wheeler now argues that admitting the stipulation and final judgment ran afoul of Fed.R.Evid. 408, but made no objection at trial. We therefore review for plain error. United States v. Dischner, 974 F.2d 1502, 1514 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 4
 For there to be plain error, the error must not be waived, it must be "obvious" or "clear under present law," and it must "affec[t] substantial rights" by "affect[ing] the outcome of the District Court proceedings." United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993). Neither the Supreme Court nor this court has discussed whether civil consent decrees are admissible in criminal proceedings, or the applicability of Fed.R.Evid. 408 to a document offered to show a party admission or to prove that a crime has been committed. Other circuits are split on this issue. Compare United States v. Cohen, 946 F.2d 430, 435 (6th Cir.1991) and United States v. Gonzalez, 748 F.2d 74, 78 (2d Cir.1984) with United States v. Hays, 872 F.2d 582 (5th Cir.1989). Therefore we cannot say that receiving the stipulation and consent judgment was obvious error under present law.
 
 II
 
 5
 Wheeler also argues that there was insufficient evidence to support the verdict because, as a matter of law, the alleged misrepresentations and omissions were immaterial. See United States v. Bingham, 992 F.2d 975, 977 (9th Cir.1993) (per curiam) (if reasonable minds cannot differ on question of materiality, issue can be resolved as matter of law). We disagree.
 
 
 6
 Wheeler was completely in charge of CTI, yet the Registration Statement no where mentions his name. It was a "blank check" offering. There was evidence that the signatures of two or three "officers" or "directors" were forged. Although the forgeries do not explicitly make any statement made in the Registration Statement untrue, implicitly they call the entire document into question. Investors might want to know that two or three director/officers did not sign the documents and likely did not read them. Finally, the evidence showed that none of the director/officers invested money in their company. Thus, unlike Bingham, where the government relied solely on the fact that Bingham had lied about his name and failed to disclose his status as an officer and director of the company whose securities he sold through a brokerage firm, the government here introduced evidence of the "total mix" of information available to buyers of CTI stock. We cannot say that this evidence was immaterial as a matter of law.
 
 
 7
 Wheeler further contends that the "bespeaks caution" doctrine should apply. "[W]hen an offering document's forecasts, opinions or projections are accompanied by meaningful cautionary statements," the "forward-looking" statements can be immaterial as a matter of law. In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 371 (3d Cir.1993), cert. denied, 114 S.Ct. 1219 (1994). Here, none of the misstatements or omissions was "forward-looking" at all; they had to do with who was in control, who signed the documents, and who paid for shares.
 
 
 8
 In the light most favorable to the government, reasonable minds could differ as to whether these misstatements and omissions altered the "total mix" of information available. Since the misstatements and omissions were not immaterial as a matter of law, there was sufficient evidence to convict.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3